**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **LEON HOBBY** | **PLAINTIFF** |
| **v.**          **4:06CV01531-WRW** | |
| **DASSAULT FALCON JET CORP.** | **DEFENDANT** |

**REMARK ORDER**

This is a tort claim based on state law originally filed in the Circuit Court of Pulaski County, Arkansas on September 6, 2006. Defendant removed the case to federal court on October 16, 2006.

Plaintiff, a former employee of Defendant, filed suit after being fired for failing a random drug test. Plaintiff alleges that the test was arbitrarily given to him, and that Defendant unnecessarily published the test results to the Employment Security Department. Although Plaintiff's claims are based on state tort law, libel, and slander, Defendant argues that its drug policies were developed in accordance with Federal Aviation Administration ("FAA") regulations. Based on this premise, Defendant contends that the Omnibus Transportation Employee Testing Act of 1991 ("OTETA") and corresponding FAA regulations, under which its drug policy was created, preempts any state-law cause of action.

Federal courts are required to strictly construe the federal removal statute, and any ambiguities about federal jurisdiction are to be resolved in favor of remand.[1]  In removal cases,

---

[1]*Transit Casket Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

defendant has the burden of proving federal court jurisdiction.[2]  "As the party seeking removal and

opposing remand, [defendant] has the burden of establishing federal subject matter jurisdiction."[3]

Ordinarily, determining whether a particular case arises under federal law turns on the

"well-pleaded complaint rule."[4]  A well-pleaded complaint is one that clearly establishes federal

jurisdiction.  An exception to the well-pleaded complaint rule, however, allows removal of a state

claim "when a federal statute wholly displaces the state-law cause of action through complete

preemption."[5]  This is so because "[w]hen the federal statute completely preempts the state-law

cause of action, a claim which comes within the scope of that cause of action, even if pleaded in

terms of state law, is in reality based on federal law."[6]

Plaintiff argues that there is no federal question because he has not asserted that Defendant's

drug testing policy does not comply with the FAA regulations.  Instead, Plaintiff argues that he was

discharged in violation of Defendant's drug testing policy and that it published false statements to

a third party that injured him.  In response, Defendant argues that its drug testing policy was

designed under the regulations promulgated by the FAA, and that Plaintiff's "right to relief

necessarily depends on resolution of substantial questions of federal law"[7]; i.e., whether its selection

[2]*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Hartridge v. Aetna Casualty & Surety Co.,* 415 F.3d 809, 814 (8th Cir. 1969).

[3]*In re Business Men's Assurance Company of America*, 992 F.2d 181, 183 (8th Cir. 1993).

[4]*Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983)).

[5]*Id*. (*quoting Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

[6]*Id*. at 207-08.

[7]Doc. No. 9.

process is arbitrary, and whether it released the test results according to required federal procedure.

The federal regulation governing drug testing of aviation employees, which includes certain independent contractors, states:

> The rule [drug testing] is necessary to prohibit an employee from performing a sensitive safety- or security-related function for an employer while that employee has a prohibited drug in his or her system or if that employee has used drugs as evidenced by a drug test showing the presence of drugs or drug metabolites.  The rule is intended to ensure a drug-free aviation workforce and to eliminate drug use and abuse in commercial aviation.[8]

Focusing solely on this language, it is clear that Congress intended to "ensure a drug-free aviation workforce," applicable to contracting manufacturers of aviation equipment.  Courts in other circuits, however, have not been willing to liberally apply this regulation to create federal question jurisdiction.

In *Skydive Factory, Inc. v. Maine Aviation Corp.*,[9] an airplane owner brought a negligence and breach of contract action in state court against an aviation company for damage to the plane allegedly caused by aviation company's improper inspection and maintenance of the plane. The *Skydive* court remanded the case back to state court, determining that no private cause of action existed under the Federal Aviation Act, and that "there is no suggestion in the Act or the legislative history that Congress intended to eliminate ordinary damage recoveries for breach of contract and torts."[10]

---

[8]53 Fed. Reg. 47024 (Nov. 21, 1988); 49 C.F.R. §40.1.

[9]268 F. Supp. 2d 61 (D. Maine 2003).

[10]*Id*. at 64.

The Tenth Circuit discussed the artful pleading doctrine in conjunction with the preemption doctrine in a strikingly similar case, *Schmeling v. NORDAM*.[11]  The plaintiff in *Schmeling* was a former employee of an air repair station which was certified by the Federal Aviation Administration. He brought suit in state court against his employer, alleging that he was terminated in part because of a single positive drug test, in violation of Oklahoma's Standards for Workplace Drug and Alcohol Testing Act.  Defendant removed to federal court, basing removal on the "complete preemption" doctrine, arguing that the drug-testing of aviation employees was preempted by FAA regulations. The district court allowed removal, but the Tenth Circuit reversed and ordered the case remanded. The court found no evidence that Congress intended to allow a person other than the FAA Administrator or the Attorney General to enforce the drug-testing laws.[12]  The court stated that "[plaintiff] could have chosen to base his complaint on federal law, but as the master of his claim, he chose not to do so."[13]  The court concluded, "absent 'clear congressional intent to create removal jurisdiction,' the 'prudent' approach is to remand to state court."[14]

Defendant's decision to use federal aviation regulations to develop its drug policy does not mean that Congress intended that it do so.  There are many uncertainties within this case: e.g., whether Defendant is a "contractor" as contemplated in federal aviation regulations; whether Congress intended for the aviation regulations to apply to private manufacturers; and whether Congress intended to preempt state law by enacting the federal aviation regulations.  Based on the

---

[11]97 F.3d 1336 (10th Cir. 1996).

[12]*Id*. at 1344 (citing 49 U.S.C. §§ 46106-46108).

[13]*Id*.

[14]*Id*. at 1342 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987).

decisions in other circuits, and because ambiguities are to be resolved in favor of remand, Plaintiff's

motion is GRANTED, and the case is remanded to the Pulaski County Circuit Court.

IT IS SO ORDERED this 21st day of December, 2006.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE